**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LINDA F. ELLISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-00729** |
| | ) | **Judge Aleta A. Trauger** |
| **CLARKSVILLE MONTGOMERY** | ) | |
| **COUNTY SCHOOL SYSTEM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

Before the court is *pro se* plaintiff Linda Ellison's Rule 60(b) Motion for Relief from Judgment (Doc. No. 34), in which the plaintiff seeks reconsideration of the magistrate judge's Order (Doc. No. 33) denying her motion to amend her Complaint (Doc. No. 31) (styled "Amendment to Complaint"). The defendant has filed a Response in opposition. (Doc. No. 35.)

The court broadly construes the plaintiff's motion under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72.02 as a motion for review by the district court of a nondispositive order entered by the magistrate judge. For the reasons set forth herein, the court **GRANTS** the motion for review, **SETS ASIDE** the magistrate judge's Order (Doc. No. 33), and **GRANTS** the plaintiff's motion to amend (Doc. No. 31), subject to the stipulations outlined below.

## I.     Standard of Review

The standard of review applicable to a party's objections to a magistrate judge's ruling depends upon whether the objections pertain to a dispositive or nondispositive matter. The Sixth Circuit does not appear to have addressed the issue, but a majority of the courts that have

considered it have concluded that a magistrate judge's denial of a motion to amend is "nondispositive, subject only to review for clear error." *Hall v. Norfolk S. Ry. Co*., 469 F.3d 590, 595 (7th Cir. 2006); *see id.* ("The magistrate judge's statute, [28 U.S.C.] § 636(b)(1)(A), lists dispositive motions on which a magistrate judge may not issue a final ruling without *de novo* review by the district judge; motions to amend pleadings are not included."); *see also Hira v. New York Life Ins. Co.*, No. 3:12-CV-373, 2014 WL 2177799, at *1 (E.D. Tenn. May 23, 2014) (holding that the denial of a motion to amend is not dispositive) (citing *Hardy v. Vieta*, No. 02-40255, 2008 WL 3020879 (E.D. Mich. July 30, 2008); *Weather Underground, Inc. v. Navigation Catalyst Sys., Inc.*, No. 09–10756, 2010 WL 3168618, (E.D. Mich. Aug. 10, 2010)); *Arnold v. Heyns*, No. CV 13-14137, 2017 WL 2805266, at *1 (E.D. Mich. June 29, 2017) (applying nondispositive standard to overrule magistrate judge's decision to deny a motion to amend). This court likewise holds that the magistrate judge's denial of a motion to amend a pleading is a nondispositive matter.

While a *de novo* standard of review applies to objections to a magistrate judge's ruling on a dispositive matter, this court's review of a magistrate judge's resolution of a nondispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). "'A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams Cnty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333

U.S. 364, 395 (1948)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

## II.    Procedural History

Ellison filed her Complaint ("original Complaint") in this action on April 20, 2017 (Doc. No. 1), asserting claims against the Clarksville Montgomery County School System ("CMCSS") and numerous individual defendants for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA") for "age and disability discrimination, sexual and workplace harassment, [and] hostile work environment." (Doc. No. 1, at 1.)

The plaintiff filed an "Amendment to Complaint" ("first Amendment") on May 15, 2017 (Doc. No. 5), adding a new individual, Yvonne Hackney, as a defendant, new factual allegations addressing that defendant's and others' conduct, and a new claim under "GINA" (apparently referring to the Genetic Information Nondiscrimination Act of 2008).[1] The first Amendment, which was filed prior to service of process on any defendant, was timely under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure as an amendment as the matter of course. However, it was not a proper amended complaint in the sense that it appears to add allegations to the original Complaint but does not restate all of the plaintiff's factual allegations and claims for relief in one single document. The original Complaint is fifteen pages long and consists of forty-two paragraphs, plus a section identifying the parties and a section titled "Prayer for Relief" at the end. (Doc. No. 1.) The first Amendment is five pages long, does not identify the parties or

---

[1] The plaintiff refers to 42 U.S.C. §§ 2000ff-2 and 2000ff-3, which prohibit employment agencies and labor organizations from discrimination on the basis of genetic information. The court presumes the plaintiff intended to refer to § 2000ff-1, which makes discrimination on the basis of an employee's genetic information an unlawful employment practice.

include a prayer for relief, and it includes only fourteen paragraphs of factual allegations plus an "Amendment to add GINA claims." (Doc. No. 5, at 5.)

Although technically filed on May 15, the first Amendment was not actually entered on the docket until May 16, 2017. Also on May 16, this court entered an Order reviewing the original Complaint and dismissing the claims against all individual defendants named therein, as they do not qualify as "employers" under Title VII or the ADA, but otherwise allowing the plaintiff's Title VII and ADA claims against CMCSS to proceed and referring the matter to the magistrate judge. (Doc. No. 6.) Because of the timing of the entry of the first Amendment, the court was unaware at the time that Order was entered that the plaintiff had attempted to amend her Complaint. The May 16 Order, therefore, did not address the claims against Yvonne Hackney or the claims under GINA. It does not appear that defendant Hackney was ever served with process.

The record is also unclear regarding whether the first Amendment was properly served upon defendant CMCSS, although CMCSS clearly had access to the docket. In any event, CMCSS filed an Answer (Doc. No. 23) in which it responded only to the allegations in the original Complaint. Thereafter, the magistrate judge entered an Initial Case Management Order setting a deadline of October 29, 2017 for the filing of any motions to amend pleadings. (Doc. No. 24.)

On October 30, Ellison filed an amended pleading. The amendment was not designated as a motion or otherwise brought to the court's attention, and the defendant did not file a specific objection to it. In addition, the amended pleading was filed one day after the deadline for motions to amend. The magistrate judge entered an Order on December 11, 2017, striking the document as an improper amendment that was not filed in accordance with Rule 15 of the

Federal Rules of Civil Procedure. (Doc. No. 30.)

Nonetheless, in according the *pro se* plaintiff some leeway in the pursuit of her case, the magistrate judge also gave Ellison a week from entry of the Order to file an actual motion to amend her Complaint. The magistrate judge specifically instructed the plaintiff that she should attach to this motion to amend a "single proposed amended complaint, which [is] complete in all details. Opposing counsel and the Court must be able to look at a single complaint and not refer to separate complaints." (Doc. No. 30, at 2.)

Within the deadline, the plaintiff filed her motion requesting leave to amend her Complaint. Attached to this motion is her proposed "Amendment to Complaint" ("proposed second Amendment"), which appears to incorporate all of the factual allegations and claims set forth in the first Amendment, while also adding new factual allegations and incorporating some of the allegations in the original Complaint. (*Compare* Doc. No. 31, at 2–8 *with* Doc. Nos. 1 *and* 5.) Although it includes factual allegations concerning Yvonne Hackney and the other individuals named as defendants in the original Complaint and the first Amendment, it does not identify these individuals as defendants, possibly in recognition that the court had dismissed the claims against the individual defendants. CMCSS promptly filed its opposition to the motion to amend. (Doc. No. 32.)

The magistrate judge thereafter entered a docket order denying the motion to amend on the basis that the plaintiff failed to comply with the directive that she should attach to her motion to amend a "single proposed amended complaint, which [is] complete in all details." (Doc. No. 33.) More substantively, the docket order also noted that (1) the plaintiff asserts "new" claims based on actions taken by former principal Yvonne Hackney that appear to be barred by the statute of limitations; and (2) the amendment fails to allege facts in support of a violation of

GINA. The magistrate judge, therefore, denied the motion to amend as futile.

The plaintiff now seeks review of the denial of her motion to amend.

**III.    Review of the Magistrate Judge's Order**

Given the oversight as a result of which no one has previously recognized that the plaintiff amended her pleading in May 2017 as a matter of course, the GINA claim and a claim against Yvonne Hackney technically have never been dismissed and remain pending. The magistrate judge's conclusion that the motion to amend is futile on the basis of the GINA claim and the allegations against Hackney is not sufficient to dispose of those claims; nor, under the peculiar circumstances presented here, does futility constitute a valid reason for denying leave to amend. In addition, a comparison between the first Amendment and the proposed second Amendment reveals that the plaintiff attempted to incorporate all her claims into one pleading, though she may have fallen somewhat short of the mark. Finally, the magistrate judge's order that the "case will proceed on the original complaint (Docket Entry 1)" is clearly erroneous in light of the first Amendment filed on May 15, 2017. In short, the court is "left with the definite and firm conviction that a mistake has been committed.'" *Adams Cnty. Reg'l Water Dist.*, 226 F.3d at 517.

Thus, in light of the unusual procedural posture of the case, the court hereby **GRANTS** the plaintiff's motion for review, **SETS ASIDE** the magistrate judge's denial of the motion to amend, and **GRANTS** the motion to amend (Doc. No. 31).

However, the Clerk **SHALL NOT** file the proposed second Amendment. Instead, the plaintiff is **DIRECTED** to file a revised amended pleading **WITHIN 7 DAYS** of her receipt of this Order, which shall be titled "Second Amended Complaint" and which **MUST** incorporate all legal claims that the plaintiff intends to pursue and set forth *briefly* the factual allegations that the

plaintiff believes support those claims, *see* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"), whether drawn from the original Complaint, the first Amendment, or the proposed second Amendment. The Second Amended Complaint **SHALL NOT** include legal claims or factual allegations not previously asserted. The plaintiff need not resubmit exhibits already submitted in support of prior pleadings.

In addition, the plaintiff is on notice that she may not bring claims against Hackney or other individual supervisors for violations of Title VII or the ADA, as the individuals do not qualify as "employers" for purposes of those statutes. The plaintiff is further on notice that the factual allegations in her previous pleadings do not, as the magistrate judge correctly noted, support a claim for violation of GINA, 42 U.S.C. §§ 2000ff-1. As indicated, the plaintiff is **NOT** granted leave to assert new factual allegations in the Second Amended Complaint. If she chooses to restate a claim under GINA, it will be subject to dismissal for failure to state a claim for which relief may be granted.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the magistrate judge may *sua sponte* dismiss any cause of action set forth in the anticipated Second Amended Complaint that fails to state a claim for which relief may be granted.

The matter remains on referral to the magistrate judge.

It is so **ORDERED**.

ENTER this 21st day of February 2018.

ALETA A. TRAUGER
United States District Judge