# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LINDA F. ELLISON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00729 |
| ) | Judge Aleta A. Trauger |
| CLARKSVILLE MONTGOMERY ) | |
| COUNTY SCHOOL SYSTEM, ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM & ORDER

Before the court is *pro se* plaintiff Linda Ellison's Motion for Review and Reconsideration (Doc. No. 49), in which the plaintiff seeks review of the magistrate judge's May 11, 2018 Order ("Discovery Order") (Doc. No. 44) granting in part and denying in part her Motion to Compel Discovery (Doc. No. 41). The defendant has not responded to the plaintiff's Motion for Review.

The court **GRANTS** the motion for review but, for the reasons set forth herein, **OVERRULES** the plaintiff's objections and **AFFIRMS** the magistrate judge's ruling without modification.

**I.     Standard of Review**

The standard of review applicable to a party's objections to a magistrate judge's ruling depends upon whether the objections pertain to a dispositive or nondispositive matter. "Courts have consistently found discovery motions to be non-dispositive within the meaning of Rule 72(a)." *Brownlow v. Gen. Motors Corp.*, No. 3:05CV-414-R, 2007 WL 2712925, at *3 (W.D. Ky. Sept. 13, 2007) (quoting *Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438

(D. Md. 2005)).

This court's review of a magistrate judge's resolution of a nondispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). "'A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams Cnty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

**II.     Background**

The plaintiff was employed by defendant Clarksville Montgomery County School System ("CMCSS") as a custodian and then head custodian at East Montgomery Elementary School from June 2007 until she retired in July 2017. She pursues claims against CMCSS under Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act, alleging that she was discriminated against on the basis of a disability, age, and race, that she endured a hostile work environment, that the defendant retaliated against her for bringing complaints of sexual harassment against a co-worker, and that she was constructively discharged. The plaintiff is, and was at all times during her employment by CMCSS, an African American female over the age of 40.

The plaintiff alleges that Yvonne Hackney was principal of East Montgomery Elementary School, where the plaintiff functioned as lead custodian, from February 17, 2013 to June 6, 2014. The plaintiff's claims largely concern the actions of Hackney as well as those of Carole Joiner and Jeanine Chester, who were CMCSS's General Counsel and Chief Human Resources Officer, respectively. The plaintiff claims that she was forced to retire in July 2017.

The plaintiff filed her Motion to Compel Discovery on March 26, 2018, objecting to the defendant's answers to her First Set of Interrogatories, specifically Interrogatory Nos. 10 through 18, 28, 29, 30, and 34. The magistrate judge entered the Discovery Order purporting to grant the Motion to Compel, but finding that the defendant's answers to Interrogatory Nos. 10, 11, 12, 13, 14, and 15 were sufficient and that Interrogatory Nos. 17, 19, 20, 21, 22, 23, 24, 29, and 30 did not request relevant information. The magistrate judge directed the defendant to supply complete answers to Interrogatory Nos. 16, 18 (as limited by the time frame supplied by the magistrate judge), and 28. He construed Interrogatory No. 34 broadly as a request for a copy of the plaintiff's personnel record and directed the defendant to provide the plaintiff with a copy of same.

In her objections, the plaintiff contends that the magistrate judge erred in his application of the law relating to "boilerplate objections" and relevancy. She specifically contends that Interrogatory Nos. 11, 12, and 13 go "to the heart" of the plaintiff's claims and that, if Interrogatory No. 18 requested relevant information, then the magistrate judge erred in finding that Interrogatory Nos. 19 through 24 are not relevant to the plaintiff's claims of discrimination.

### III. Review of the Discovery Order

Rule 26 allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Proportionality is the touchstone of the rule's scope. The court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The Federal Rules of Evidence define "relevant" evidence to include evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," if "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Interrogatory No. 11 asks: "What if any evidence did Yvonne C. Hackney present or rely on to initiate procedures to have Plaintiff terminated from her employment with CMSS?" (Doc. No. 42-1 ¶ 11.) Interrogatory Nos. 12 and 13 ask whether Hackney's alleged attempts to have the plaintiff terminated from her job were close in time, or related, to the plaintiff's anticipated retirement date. The defendant objects to these interrogatories on the basis that Hackney is not a defendant in this action and, consequently, that the inquiries are not relevant or calculated to lead to the discovery of relevant information. However, the defendant nonetheless responded to each interrogatory by stating, without waiving its objection, that "Plaintiff was not terminated from her employment with CMCSS." (Doc. No. 42-1, at ¶¶ 11–13.) In addressing the plaintiff's motion to compel more complete answers, the magistrate judge advised the defendant to refrain from offering boilerplate objections but also found that the answers are sufficient under the circumstances.

The court finds that the magistrate judge did not abuse his discretion in concluding that the answers to these interrogatories are sufficient. The plaintiff alleges that Hackney took actions between May 2013 and June 2014 in an attempt to terminate the plaintiff's employment, but the

plaintiff also admits that she was never terminated; instead, she retired three years later, in July 2017. The three- to four-year gap between Hackney's alleged attempts to have the plaintiff terminated and the plaintiff's actual retirement date indicate that there was no possible connection between Hackney's efforts and the plaintiff's ultimate departure, particularly given that Hackney herself retired in July 2014. The magistrate judge did not abuse his discretion in declining to compel complete answers to these interrogatories.

In addition, the question of proportionality enters into the equation at this point. The defendant has filed a Motion for Summary Judgment (Doc. No. 53) and, in connection therewith, a copy of the plaintiff's complete deposition (Doc. No. 57). In her deposition, the plaintiff acknowledges that her claims based on Hackney's actions arise from Hackney's treatment of her request for an accommodation of her alleged disability. The plaintiff also admits, however, that she never filed a complaint or charge with the EEOC alleging discrimination on the basis of disability or failure to accommodate. (Pl's Dep., Doc. No. 57, at 5–8.) "Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC . . . ." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1)). It appears likely, as the defendant argues in its Motion for Summary Judgment, that the plaintiff's ADA claim will be subject to dismissal for failure to exhaust. Thus, even if the requested information arguably might have some tangential bearing on the plaintiff's disability discrimination claim, the relatively minimal "importance of the discovery in resolving the issues" and the fact that the burden of producing the proposed discovery at this point outweighs any likely benefit, Fed. R. Civ. P. 26(b)(1), lead the court to conclude that the requested evidence is not relevant and therefore not discoverable. The court will overrule the plaintiff's objections to the magistrate

judge's ruling on her motion to compel complete answers to these interrogatories.

Interrogatory Nos. 19 through 24 concern CMCSS's failure to terminate another employee, Bonnie Conn, in relation to allegations and criminal charges against Conn for physically abusing an autistic student in her class. The defendant objects on the ground that the interrogatories are neither relevant nor calculated to lead to the discovery of relevant evidence. The magistrate judge agreed that the information sought is not relevant, and the court finds that the magistrate judge did not abuse his discretion in reaching that conclusion. There is no clear nexus between the incident involving Bonnie Conn and the allegations of discrimination in this case. There is no suggestion that any of the same actors were involved or that the alleged abuse of the autistic child even occurred at the school at which the plaintiff worked, and the allegations of physical abuse by a teacher have no similarity to the type of discrimination the plaintiff complains of in this case. The plaintiff's objections to the ruling on her motion to compel complete answers to these interrogatories will be overruled as well.

**IV.  Conclusion**

The plaintiff's objections (Doc. No. 49) to the magistrate judge's Discovery Order (Doc. No. 44) are **OVERRULED**, and the Discovery Order is **AFFIRMED** as neither clearly erroneous nor contrary to law.

The matter remains on referral to the magistrate judge.

It is so **ORDERED**.

ENTER this 3rd day of July 2018.

_____
ALETA A. TRAUGER
United States District Judge